IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

**CASE NO. 1:07-C-2830**

---

MIDWEST HOLDING #7, LLC,

      Appellant,

v.

PAUL H. ANDERSON, JR., as

TRUSTEE of TANNER FAMILY LLC,

      Appellee.

---

**REPLY BRIEF OF APPELLANT MIDWEST HOLDING #7, LLC**

---

Mark A. Kelley, Esq.
Georgia Bar No. 412325
KITCHENS KELLEY GAYNES, P.C.
11 Piedmont Center, Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia  30305
(404) 237-4100

ATTORNEY FOR APPELLANT
MIDWEST HOLDING #7, LLC

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................... i

INTRODUCTION ................................................... 1

ARGUMENT AND CITATION OF AUTHORITY ............................. 3

    A.    If This Court Construes Section 547(b) in a Manner That Gives Subsection (b)(2) Meaning, it Must Reverse the Decision of the Bankruptcy Court ....... 3

    B.    The Trustee's Arguments Are Without Merit ........... 9

        1.    *The Definition of the Word "Debt" is Irrelevant: The Issue is Whether the "Debt" for Future Monthly Rent was an Antecedent Debt Owed When the Termination Fee was Paid* ................... 9

        2.    *The Date a Debt is Incurred is the Only Test Determine Whether a Debt is Antecedent* ........ 10

        3.    *The Provision in Section 547(b)(2) That a Payment of a Debt is not a Preference Unless the Debt Being Paid was "Owed by the Debtor Before the Transfer was Made" is not Superflous* ...... 11

    CONCLUSION ................................................ 13

# TABLE OF AUTHORITIES

**United States Court of Appeals:**

<u>Bernstein v. RJL Leasing, G.P. (In re White River Corp.)</u>,
799 F.2d 631 (10th Cir. 1986) ................................. 5

<u>Legal Envtl. Assistance Found, Inc. v. EPA</u>, 276 F.3d. 1253
(11th Cir. 2001) ........................................ 3,12

<u>Upstairs Gallery, Inc. v. Macklowe West Dev. Co., L.P.
(In re Upstairs Gallery, Inc.)</u>, 167 B.R. 915
(9th Cir. BAP 1994) ................................... passim

<u>U.S. v. Canals-Jimenez</u>, 943 F.2d 1284 (11th Cir. 1991) ..... 3,12

<u>Woodfork v. Marine Cooks and Stewards Union</u>, 642 F.2d 966
(5th Cir. 1981) ........................................ 3,8,12

**United States District Court:**

<u>Armstrong v. Gen. Growth Dev. Corp. (In re Clothes, Inc.)</u>,
35 B.R. 489 (Bankr. D.N.D. 1983) .............................. 5

<u>Carmack v. Zell, et al. (In re Mindy's, Inc.)</u>, 17 B.R. 177
(Bankr. S.D. Ohio 1982) ....................................... 4

<u>Childworld, Inc. v. Service Merchandise Co., Inc., et al.
(In re Child World, Inc.)</u>, 173 B.R. 473 (Bankr. S.D.N.Y.
1994) ......................................................... 5

<u>Fisher v. N.Y. City Dept. of Housing Preservation and Dev.
(In re Pan Trading Corp.)</u>, 125 B.R. 869 (S.D.N.Y. 1991) .... 5,10

**Statutes:**

11 U.S.C. § 547 .......................................... passim

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIDWEST HOLDING #7, LLC, )<br>)<br>    Appellant, )<br>)<br>v. )<br>)<br>PAUL H. ANDERSON, JR., as )<br>Trustee of TANNER FAMILY LLC, )<br>)<br>    Appellee. ) | CASE NO. 1:07-CV-2830-TWT |

**APPELLANT'S REPLY BRIEF**

**Introduction**

Chapter 7 Trustee Paul H. Anderson, Jr. ("Trustee") seeks to recover $87,500.00 from Appellant Midwest Holding #7, LLC ("Midwest") on the grounds that a lease termination fee (the "Termination Fee") the debtor paid to Midwest is a preferential transfer and voidable pursuant to Section 547 of the Bankruptcy Code.[1]  Midwest's only defense is that the Trustee failed to prove an essential element of his case, namely that the payment of the Termination Fee was "made for or on account of an antecedent debt owed by the debtor before such transfer was made" as required by Section 547 (b)(2).

**The only issue before this Court is the proper statutory**

---

[1] As used herein, the term "Section" will refer to sections contained in Title 11 of the United States Code.

1

**construction of Section 547 (b)(2) and its application to the undisputed facts.**

In its October 9, 2007, order granting the Trustee's motion for summary judgment (the "Order")[Bankr. Case Docket No. 15], the Bankruptcy Court adopted the reasoning and conclusions of the Ninth Circuit Bankruptcy Appellate Panel(the "BAP") in <u>Upstairs Gallery, Inc. v. Macklowe West Dev. Co., L.P. (In re Upstairs Gallery, Inc.)</u>, 167 B.R. 915 (9th Cir. BAP 1994). Both Midwest and the Trustee agree that the Order incorrectly states the issue before the Bankruptcy Court.[2]

In its initial brief, Midwest argued that the <u>Upstairs Gallery</u> case is incorrect because it treats the date when a lease is executed as the date the future rent became "due" as a result of the BAP's confusion of the antecedent debt requirement in Section 547(b)(2) with the contemporaneous exchange of new value defense in Section 547(c)(1).

In his brief, the Trustee failed to even address the BAP's erroneous analysis as identified in Midwest's brief. Indeed, the only reference to the <u>Upstairs Gallery</u> case in the Trustee's

---

[2]In the Order, the Bankruptcy Court framed the issue as follows: "whether the Lease constituted an antecedent debt." [Bankr. Case Docket No. 15, p. 2]. The Trustee concedes that "Midwest is correct that a lease 'is not a debt; it is a contract.'" [Docket No. 6, p. 19].

brief appears on pages 25 and 26 and the discussion of the case is limited to one sentence. [Docket No. 6, pp. 25-26].  More importantly, the Trustee makes no attempt to defend the reasoning or conclusions of the BAP in the Upstairs Gallery case or the decision of the Bankruptcy Court as articulated in the Order. Rather, the Trustee apparently argues that the Bankruptcy Court's result is correct for reasons that are mentioned neither in the Order nor in Upstairs Gallery.

**Argument and Citation of Authority**

A. If This Court Construes Section 547(b) in a Manner That Gives Subsection (b)(2) Meaning, it Must Reverse the Decision of the Bankruptcy Court

A court must construe a statute so as to give meaning to all of its words.  Legal Envtl. Assistance Found., Inc. v. EPA, 276 F.3d 1253, 1258 (11th Cir. 2001) ("[I]t is an elementary principle of statutory construction that, in construing a statute, we must give meaning to all the words in the statute."); U.S. v. Canals-Jimenez, 943 F.2d 1284, 1287 (11th Cir. 1991) ("A basic premise of statutory construction is that a statute is to be interpreted so that no words shall be discarded as being meaningless, redundant, or mere surplusage.")  This Court must avoid any statutory construction that would render any section of a statute meaningless.  See, Woodfork v. Marine Cooks & Stewards Union, 642 F.2d 966, 970-71 (5th Cir. 1981) ("A basic principle

of statutory construction is that a statute should not be construed in such a way as to render certain provisions superfluous or insignificant.")

In Section 547(b)(2) Congress expressed its clear intent to limit preferences to payments made "for or on account of" a specific and limited type of debt, namely "an **antecedent** debt **owed by the debtor before such transfer was made**." 11 U.S.C. § 547(b)(2)(emphasis added). The only purpose of this section is to clearly distinguish (1) a debt that is owed before the payment is made, and (2) a debt that is not owed before the payment is made.

In <u>Upstairs Gallery</u>, the BAP agreed that a debt is antecedent only after it is "incurred," which is when the debtor first become obligated to pay. <u>See</u> 167 B.R. at 918. However, the BAP held that even though a tenant's obligation to pay future monthly rent is normally not incurred or due until the month when the payment is required, a different rule applies when the tenant vacates the premises. According to the BAP, once the tenant abandons the premises, the obligation to pay future monthly rent is incurred when the lease is signed, not on the date when the lease provides that the rent must be paid. <u>Id</u>. This holding is contrary to all of the prior case law. <u>See e.g.</u>, <u>Carmack v. Zell, et al. (In re Mindy's, Inc</u>.), 17 B.R. 177, 179 (Bankr. S.D.

Ohio 1982)(declining to follow the rationale advanced by the trustee that a debt was incurred at the time of the original signing of the lease obligations finding that the total lease obligation was only due and payable as the lease term progressed); <u>Bernstein v. RJL Leasing, G.P. (In re White River Corp.)</u>, 799 F.2d 631,632 (10th Cir. 1986); <u>Fisher v. N. Y. City Dept. of Housing Preservation and Dev. (In re Pan Trading Corp.)</u>, 125 B.R. 869 (S.D.N.Y. 1991); <u>Childworld, Inc. v. Service Merchandise Co., Inc. et al. (In re Child World, Inc.)</u>, 173 B.R. 473(Bankr. S.D.N.Y. 1994); <u>Armstrong v. Gen. Growth Dev. Corp. (In re Clothes, Inc.)</u>, 35 B.R. 489 (Bankr. D.N.D. 1983) ("The Debtor...did not incur a debt for rent until the first day of each month during the term of the lease").[1]

    This departure from prior law is the result of the BAP's confusion of the defense of contemporaneous exchange of new value with the requirement that a preference must be a payment of an antecedent debt owed when the payment is made.

---

[1] These cases all treat an obligation to make monthly rent payments in the future different than other obligations to make monthly payments such as in an installment note.  Unlike a installment note, where the obligation is fixed and the only question is the timing of the payment and the amount of interest, a future monthly rent payment may never come due for several reasons, e.g. - the property could be condemned or destroyed, the lease could be terminated, the landlord could find a new tenant and eliminate or reduce the tenant's obligation to pay future rent.

As Midwest explained in its initial brief, Congress created a special code section, Section 547(c)(1), to address the effect that a contemporaneous exchange of new value has on an otherwise preferential transfer.  Section 547(c)(1) is an affirmative defense that can be raised by a defendant to prevent an otherwise avoidable preference from being avoided if the transfer was intended by the debtor and the creditor to be a contemporaneous exchange for new value given to the debtor and was in fact a substantially contemporaneous exchange.  11 U.S.C. § 547(c)(1).

Unlike Section 547(c), which establishes various affirmative defenses that can be raised by preference defendants, Section 547(b) contains the give elements that must be proven to establish a preference.  The second essential element required to establish a preference, set forth in Section 547(b)(2), is that the transfer must be made "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2).  The affirmative defense for a contemporaneous exchange for new value is not relevant unless and until a trustee proves the five elements of a preference.

Clearly, the analysis required for Section 547(b)(2) is different and distinct from that required for Section 547(c)(1). Indeed, in Section 547(g), Congress recognized the distinction by providing that a trustee has the burden to prove all of five

elements of section 547(b) while the defendant creditor has the burden to prove any affirmative defense available to it under Section 547(c).

The Upstairs Gallery opinion essentially holds that a debt that would otherwise be an antecedent debt not owed at the time of a payment will be considered an antecedent debt owed at the time of the payment unless the recipient of the payment can establish a contemporaneous exchange for new value defense under Section § 547(c)(1).  See 167 B.R. at 918.  This holding is erroneous because it disregards Section 547(g) and inappropriately relieves a trustee of his burden to establish the second element of a preference by presuming it is satisfied unless the defendant creditor proves the elements of the affirmative defense of a contemporaneous exchange of new value under Section 547(c)(1).  Nothing in Section 547 makes the existence of a contemporaneous exchange for new value relevant in any way to the determination of whether a payment was made for or on account of an antecedent debt owed before the transfer was made.

The Upstairs Gallery reasoning renders Section 547(b)(2) meaningless and results in a judicial repeal of the distinction between (i) debts that are antecedent and owed, and (ii) debts that are not.

The only statutory construction that will give meaning to Section 547(b)(2) is one that recognizes Congress intended to exclude the advance payment of debts that were not owed at the time of the payment from the preference statute. The most obvious example of this type of debt would be an advance payment of future rent under a lease.

The Trustee offers no alternative interpretation of Section 547(b)(2). In fact, the Trustee concedes that the interpretation of sub-section (b)(2) that he advocates would make the word "antecedent" both superfluous and redundant. [Docket No. 6, p. 29]. This concession makes the Trustee's interpretation incorrect as a matter of law. See Woodfork, 642 F.2d at 970-71 ("A basic principle of statutory construction is that a statute should not be construed in such a way as to render certain provisions superfluous...")

The only construction of Section 547(b)(2) that recognizes the distinction that Congress intended to make between debts that are, and are not, antecedent is the construction advocated by Midwest. For this reason alone, this Court should reverse the decision of the Bankruptcy Court with instructions to enter summary judgment in favor of Midwest.

> B. The Trustee's Arguments are Without Merit
>
>> 1. *The Definition of the Word "Debt" is Irrelevant: The Issue is Whether the "Debt" for Future Monthly Rent was an Antecedent Debt Owed When the Termination Fee was Paid*

On pages 9-19 of his brief, the Trustee analyzes the definition of the words "debt" and "claim" under Sections 101(5) and (12). The Trustee contends, on page 10, that Midwest claims the debtor's obligation to pay future rent was not "contingent" or "unmatured" and therefore not a "debt." [Docket No. 6, p. 9-19].

This completely misstates Midwest's position.

Midwest does not dispute that the debtor's obligation to pay future monthly rent is a "debt" as defined in Section 101. Rather, Midwest contends that such a debt is not an **antecedent** debt within the meaning of Section 547(b)(2).

This case is not about the definition of the word "debt." Rather, it is about the distinction between two different kinds of debts that Congress intended to recognize when it enacted Section 547(b)(2), namely those that are antecedent and due and those that are not.

On page 11 of his brief, the Trustee concludes, without any citation to authority, that any debt based on a pre-existing lease is "antecedent." [Docket No. 6, p. 11]. The Trustee

9

offers no explanation of what kind of debt would not be antecedent.

The arguments set forth by the Trustee on pages 12-19 of his brief are both conclusory and superficial. [Docket No. 6, pp. 12-19]. These arguments shed no light on the distinction Congress intended to make is Section 547(b)(2) when it limited the scope of the preference statute to the payment of "antecedent" debts.

    2.   *The Date a Debt is Incurred is the Only Test to Determine Whether a Debt is Antecedent*

In its initial brief, Midwest cited several cases for the proposition that a "debt" is not antecedent until it is incurred and an obligation to monthly pay future monthly rent is not "incurred" until the month when the lease requires the monthly rent payment to be made. On pages 20-26 of his brief, the Trustee argues that these cases are irrelevant because they construe a section of the Bankruptcy Code that was repealed in 1984, namely Section § 547(c)(2). [Docket No. 6, pp. 20-26].

This argument is obviously without merit.

Many of the cases cited by Midwest were decided **years after the 1984 repeal of Section 547(c)(2)**. These cases could not possibly be based on a statute that was repealed years earlier.

Even the BAP recognized the following:

> Whether a debt is antecedent or current depends on when it was incurred. In re Pan Trading Corp., 125 B.R. 869,

>875 (Bankr.S.D.N.Y.1991) (citations omitted). A debt is incurred when the debtor first becomes legally obligated to pay.

<u>Upstairs Gallery</u>, 167 B.R. at 918.

The flaw in the Trustee's argument is made apparent by his inability to suggest an alterative test for determining whether a debt is, or is not, antecedent.  This failure is consistent with the Trustee underlying thesis that all debts are antecedent.

> 3. *The Provision in Section 547(b)(2) That a Payment of a Debt is not a Preference Unless the Debt Being Paid was "Owed by the Debtor Before the Transfer was Made" is not Superfluous*

On page 26 of his brief, the Trustee argues that the words "owed by the Debtor before the transfer was made" in Section 547(b)(2) is "apparently redundant to the words 'antecedent debt.'" [Docket No. 6, p. 26].  Then on page 29, the Trustee argues that "the word 'antecedent' is superfluous, at least in the plain reading of § (b)(2)." [Docket No. 6, p. 29].

On pages 29 and 30, the Trustee concludes that Section 547(b)(2) should be construed by ignoring the terms "antecedent" and "owed by the Debtor before the transfer was made" and focusing instead on the "one definition of debt" that Congress used "throughout the Bankruptcy Code." [Docket No. 6, pp. 29-30]. In his last sentence, the Trustee explains the reason why he wants to define "antecedent debt" the same as "debt," namely "By

that definition a pre-payment of rent is a preference." [Docket No. 6, p. 30].

The Trustee's suggested construction of Section 547(b)(2) must be rejected because it renders the terms "antecedent" and "owed before the transfer is made" superfluous and is contrary to every principal of statutory construction.  See e.g., Legal Envtl. Assistance Found., Inc. v. EPA, 276 F.3d at 1258 (stating "[I]t is an elementary principle of statutory construction that, in construing a statute, we must give meaning to all the words in the statute."); U.S. v. Canals-Jimenez, 943 F.2d at 1287 (stating "[A] statute is to be interpreted so that no words shall be discarded as being meaningless, redundant, or mere surplusage."); Woodfork v. Marine Cooks & Stewards Union, 642 F.2d at 970-71 (stating "A basic principle of statutory construction is that a statute should not be construed in such a way as to render certain provisions superfluous or insignificant.")

In sharp contrast to the construction advocated by the Trustee, Midwest submits that the proper construction is revealed by the plain language of the statute.  Congress obviously intended that a transfer made for or on account of a debt that was not yet due would not be a preference.  There is no other explanation for the enactment of Section 547(b)(2).

Future monthly rent under a lease is such a debt. Here, the Termination Fee was made for or on account of all of the future monthly rent that would come due under the lease if (a) the premises continue to exist, (b) the lease is not terminated, and (c) the premises is not leased to a replacement tenant. The debtor's obligation to pay this unmatured contingent amount was a debt but not an antecedent debt due before the Termination Fee was paid. Therefore, the Termination Fee is not a preference.

## Conclusion

When it enacted Section 547(b)(2), Congress clearly expressed an intent to limit preferences to payments made "for or on account of" a specific and limited type of debt, namely, "an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). This limitation makes a clear distinction between (1) a debt that is owed before it is paid, and (2) a debt that is not owed before it is paid. Distinguishing between these two types of debts and limiting the scope of a preference recovery to payments of antecedent debts that were due before they are paid is the only purpose of 11 U.S.C. § 547(b)(2).

The construction advocated by the Trustee, to treat all debts as antecedent, renders meaningless the distinction Congress intended to draw in Section 547(b)(2). If this approach is

13

adopted, then the decision of the Bankruptcy Court should be affirmed.

The construction of Section 547(b)(2) advocated by Midwest recognizes Congress' intent that a payment of a debt that satisfies the other four elements of a preference will not be deemed preferential unless the debt paid was an antecedent debt owed before the payment was made.

Here, the payment of the Termination Fee is not a preference because the debtor's obligation to pay future monthly rent is not an antecedent debt.  Under the vast majority of cases, future monthly rent payments are not treated as antecedent debts because they are not "incurred" until the lease requires them to be paid. In this case, the Termination Fee was paid for or on account of future monthly rent obligations under a lease of real property that were not yet due under the lease.

Accordingly, the Order should be reversed with instructions to the Bankruptcy Court to enter summary judgment in favor of Midwest.

This the 2nd day of January 2008.

                                      Respectfully submitted,

                                      KITCHENS KELLEY GAYNES, P.C.

                                      By: <u>s/ Mark A. Kelley</u>
                                              State Bar No. 412325

                                      COUNSEL FOR APPELLANT
                                      MIDWEST HOLDING #7, LLC

Building 11, Suite 900
Piedmont Center
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **APPELLANT'S REPLY BRIEF** has been furnished by the Court's CM/ECF System and by first-class mail, postage prepaid, on the 2nd day of January 2008 to:

>William L. Rothschild, Esq.
>ELLENBERG, OGIER & ROTHSCHILD, P.C.
>170 Mitchell Street, S.W.
>Atlanta, Georgia   30303-3424

This 2nd day of January 2008.

>KITCHENS KELLEY GAYNES, P.C.


>s/Mark A. Kelley, Esq.
>Georgia Bar No. 412325